464 So.2d 20 (1985)
Charlie WILLIAMS, Jr., Administrator of the Succession of Dozie Williams, Plaintiff-Appellant,
v.
Neal Doyle McEACHARN, et al., Defendants-Appellees.
No. 16708-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
*21 Jones, Jones & Jones Law Offices by Benjamin Jones, Monroe, for plaintiff-appellant.
Rainer & Anding by George K. Anding, Jr., Baton Rouge, for defendants-appellees.
Before JASPER E. JONES and FRED W. JONES, Jr., JJ., and PRICE, J., Pro Tem.
JASPER E. JONES, Judge.
The plaintiff, Charles Williams, Jr., in his capacity as the administrator of the succession of Dozie Williams, appeals a judgment rejecting his demands in this declaratory judgment action to be recognized as owner of a small tract of land in Richland Parish near the town of Delhi.
The defendants are Neal Doyle McEacharn, Malcolm McEacharn, George K. Anding, *22 Jr., individually and as trustee for George K. Anding, III, Corre Ann Anding, individually and as trustee for Christopher Anding Stegall, and Mary Thelma Anding Farrar, individually and as trustee for Corree Leigh Farrar. The defendants have record title to the property.
The plaintiff's claim of ownership of the property is based upon more than thirty years possession of the property by Abner and Sarah Chocklin. Abner died in January, 1978, leaving as his sole heir, his wife, Sarah. Sarah, who died in March, 1978, willed her estate to Dozie Williams.
The trial judge found as a fact that Abner and Sarah possessed the property from 1928 but rejected plaintiff's claim because he found the Chocklins did not possess the property as owners.
We reverse.
The property which is the subject of this litigation is known as Block 240 of the Delhi Land and Improvement Company's First Addition and Plat to the Town of Delhi, Louisiana, in Richland Parish. On December 22, 1919 Abner and Sarah Chocklin purchased all of Block 208 of the Delhi Land Subdivision except 1½ lots and established their home on this property. Block 208 lies immediately south of Block 240. In 1978 Dozie Williams had a survey made of Blocks 240 and 208 and other areas immediately adjacent to these blocks and a plat of this survey was made on January 3, 1979. The plat reflects existing roads, as well as streets not constructed, and old fence lines. We attach to this opinion as an addendum a copy of this plat which was filed in evidence at trial.
The defendants, Neal and Malcolm McEacharn, acquired a 2/3rd interest in approximately 500 acres of land in 1967 which included Block 240. George K. Anding, Sr., who is the immediate ancestor in title to the other defendants, acquired a 1/3rd interest in this 500 acre tract in 1967.
The trial judge in written reasons for judgment made a finding of fact that Abner and Sarah were "in possession of the property since 1928" and the evidence fully supports this factual determination. There was no evidence that the defendants or their ancestors in title exercised any acts of corporeal possession of Block 240.
The issue on appeal is whether the trial court erred in holding that plaintiff failed to establish that Abner and Sarah possessed Block 240 as owners. The preponderance of evidence established that from 1928 until 1933 Abner and Sarah used most of Block 240 as pasture for horses, hogs and cows. The evidence further established that from 1933 until 1974 the Chocklins raised cotton on this tract. Witnesses testified that the tract used as a pasture and cotton field was enclosed by a fence. The testimony of the surveyor, Kenneth McKay and the plat prepared by him, established that remains of an old fence continues to exist which encloses most of Block 240 except along the east side. The fence as shown on the plat is a few feet south of the north line of Block 240. The evidence further established that an old fence along the west side of a north/south road approximately 75 feet west of the east line of Block 240 had been removed by Dozie Williams only a few months before the survey was prepared. Though there is no evidence as to who constructed the fence which enclosed most of Block 240 the evidence established the enclosed part of Block 240 was actively used by the Chocklins from 1928 until 1974 when Abner Chocklin went to a nursing home. Sarah continued to reside in the Chocklin home located on Block 208 until her death in 1978.
Though one of the defendants made reference in his testimony to the Chocklins as tenants on Block 240, there is no evidence that they rented the land or possessed it for the record title owners of the property.
Malcolm McEacharn, one of the defendants, testified that when he bought his interest in Block 240 in 1967 he went to the home of Abner Chocklin and discussed the boundary of the Chocklin tract with Abner. Malcolm, over the hearsay objection of plaintiff's attorney, was permitted to testify that Abner told him his line was a few *23 feet north of Abner's home which would approximate the north line of Block 208 as reflected on the survey plat. Malcolm further testified that Abner asked him if he could continue to use Block 240 in the same manner as he had used it in the past.
The trial judge referred to McEacharn's testimony in his reasons for judgment and we assume he relied upon it to conclude that plaintiff failed to establish the Chocklins had the intent to possess the property as owner. There is no other evidence in this record tending to negate the Chocklins' intent to possess the property as owners.
A declaratory judgment action to determine ownership of real property is authorized by LSA-C.C.P. art. 3654.[1]
The possession required as a predicate to a possessory action is the same as that required for acquisitive prescription of thirty years, which is that of open and notorious and adverse or hostile to the true owner and everyone else. Harper v. Willis, 383 So.2d 1299 (La.App. 3d Cir.1980). Immovable property may be acquired by thirty years acquisitive prescription without good faith or just title. The possession must be physical with the intent to possess as owner. Hinton v. Weaver, 430 So.2d 134 (La.App. 2d Cir.1983). Intent to possess as owner may be inferred from all the surrounding facts and circumstances. Humble v. Dewey, 215 So.2d 378 (La.App. 3d Cir.1968). Openly maintaining property to which one does not have record title by raising crops or using the property for pasturage is evidence of intent to possess the property as owner. Brown v. Wood, 451 So.2d 569 (La.App. 2d Cir.1984). LSA-C.C. art. 3424: "To acquire possession, one must intend to possess as owner and must take corporeal possession of the thing." LSA-C.C. art. 3425: "Corporeal possession is the exercise of physical acts of use, detention, or enjoyment over a thing." LSA-C.C. art. 3426: "One who possesses a part of an immovable by virtue of a title is deemed to have constructive possession within the limits of his title. In the absence of title, one has possession only of the area he actually possesses."
The burden of proof to establish the facts essential to support a plea of thirty years acquisitive prescription rests on the party who makes the plea. Humble v. Dewey, supra. However, the fact of possession is presumed to be as owner unless it is shown to have begun in the name of and for another. LSA-C.C. art. 3427[2] (formerly LSA-C.C. art. 3488) Dunn v. Bayonne, 197 So. 284 (La.App.2d Cir.1940); Frost Lumber Industries v. Harrison, 215 La. 767, 41 So.2d 674 (1949); Levy v. Germania Plantation, Inc., 395 So.2d 366 (La. App. 1st Cir.1981); Kelly v. Stringer, 422 So.2d 189 (La.App. 2d Cir.1982).
Declarations against interest of deceased persons may be proved but are considered as the weakest sort of evidence. Larocca v. Ofrias, 231 La. 292, 91 So.2d 351 (1956). This admissible hearsay "does not go very far to overcome positive testimony, strong circumstances nor weighty presumptions." Dunn v. Bayonne, supra.
The trial judge found as a fact that the Chocklins possessed the disputed tract *24 from 1928 and that they used it for pasture and to raise cotton from 1928 to 1974. These findings of fact are supported by the preponderance of the evidence and we agree with these factual conclusions.
We do not agree with the trial judge's determination that the possession by the Chocklins for almost fifty years was not with the intent to possess as owners. The record establishes that no one but the Chocklins has possessed the property since 1928. No record owner prior to 1967 testified. One of the record owners subsequent to 1967 testified the reason the defendants did not farm the tract after they acquired title to it was because the tract was too small to cultivate with the large farm equipment used by the defendants. No evidence of any farm lease was produced at trial to show that the Chocklins rented the property from anyone.
The lengthy undisturbed use of the enclosed disputed property by the Chocklins without paying rent to anyone is a strong circumstance indicating their intent to possess as owners.
Plaintiff is entitled to the strong legal presumption provided in LSA-C.C. art. 3427 (formerly LSA-C.C. art. 3488) because the Chocklins did not commence their possession in the name of or for another. The testimony of Malcolm McEacharn that Abner made a declaration against his interest in 1967 long after Chocklin had possessed this property for more than thirty years is not sufficient to rebut the presumption of possession as owner provided by law which possession as owner is also established by the lengthy use of the property.
We conclude the trial judge was clearly wrong in not recognizing plaintiff's ownership by thirty years acquisitive prescription of that part of Block 240 which the Chocklins possessed since 1928 which we find the evidence established to be that part of Block 240 lying south and west of the two lines in Block 240 marked "occupied line" on the McKay plat. We reverse and set aside the judgment appealed.
We render the following judgment:
IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff, CHARLIE WILLIAMS, JR., in his capacity as the administrator of the succession of Dozie Williams, is owner of that part of Block 240 lying west and south of the lines marked "occupied line" on Block 240 on the survey plat prepared by Kenneth McKay dated January 3, 1979 and filed in the record of these proceedings.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all of Block 240 lying north and east of the two lines marked "occupied lines" in Block 240 as shown on the McKay plat shall remain the property of the defendants, Neal Doyle McEacharn, Malcolm McEacharn, George K. Anding, Jr., individually and as trustee for George K. Anding, III, Corre Ann Anding, individually and as trustee for Christopher Anding Stegall, and Mary Thelma Anding Farrar, individually and as trustee for Corree Leigh Farrar, and these "occupied lines" shown on the plat shall be the boundary between the property owned by plaintiff and property owned by the defendants in Block 240.
All costs are assessed against the defendants.
*25 
NOTES
[1] Art. 3654. Proof of title in action for declaratory judgment, concursus, expropriation, or similar proceeding

When the issue of ownership of immovable property or of a real right therein is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right therein is so presented, the court shall render judgment in favor of the party:
(1) Who would be entitled to the possession of the immovable property or real right therein in a possessory action, unless the adverse party proves that he has acquired ownership from a previous owner or by acquisitive prescription; or
(2) Who proves better title to the immovable property or real right therein, when neither party would be entitled to the possession of the immovable property or real right therein in a possessory action.
[2] LSA-C.C. art. 3427. Presumption of intent to own the thing

One is presumed to intend to possess as owner unless he began to possess in the name of and for another.