CRAIN, Judge.
Jessie Jones Fannaly Debetaz acquired title to .31 acres (more or less) with improvements located in Tangipahoa Parish from Charles Carroll Culbreath and Charlene Harper Culbreath. The property was enclosed by fences at the time of the purchase. However, a dispute arose between Debetaz and her adjoining neighbors to the west (Carl and Sally R. Kyzar) and to the north (Charles and Francine Champagne). Kyzar alleged that the western fence of Debetaz’s property encroached on Kyzar’s property. Debetaz instituted an action entitled a “Petition for Acquisitive Prescription of Immovable Property, Warranty and in the Alternative, Rescisión of Sale and Damages” against the Kyzars, Champagnes and Culbreaths. The Kyzars and the Champagnes filed reconventional demands against Debetaz asserting title to the property on which the fences allegedly encroach. The Culbreaths filed a third-party demand against the Kyzars asserting ownership of the property by Debetaz based on acquisitive prescription of ten or thirty years. After trial on the merits judgment was rendered in favor of Debetaz against the Kyzars and Champagnes, decreeing that Debetaz acquired ownership of the disputed property by acquisitive prescription of thirty years. From this judgment the Kyzars and Champagnes appeal alleging as error the trial court’s interpretation of the testimony of witnesses and documents submitted; the trial court’s improper application of the law regarding acquisitive prescription of thirty years and the trial court’s failure to grant to the Kyzars the relief sought in their reconven-tional demand. The primary issue on appeal is whether Debetaz acquired title to the property by acquisitive prescription.
ACQUISITIVE PRESCRIPTION
It was uncontested at trial that the legal description of the property acquired by De-betaz did not include all of the property fenced in to the west and north.
Ownership of property may be acquired without just title by corporeal possession as owner for thirty years under La.C.C. arts. 3486-3488. “The possession must be continuous, uninterrupted, peaceable, public, and unequivocal.” La.C.C. art. 3476. The thirty year possessory period may be accomplished by tacking to the possession of an ancestor in title. La.C.C. arts. 3441-3442 and 794. Privity of contract or title is required for tacking possession under La.C.C. arts. 3441, 3442 and 794. Brown v. Wood, 451 So.2d 569 (La.App. 2d Cir.), writ denied, 452 So.2d 1176 (La.1984). Tacking is allowed under Article 794 even when the juridical link does not encompass the property to which the possessor claims prescriptive title. Id. at 573. Thus, the possessor may tack under Article 794 to prescribe beyond title to the extent of visible boundaries whereas under Article 3442 tacking is, allowed only to the extent of title. Id. at 574. Article 794 is applicable to this case because the subject matter of this suit is essentially a boundary dispute. See McIlwain v. Manville Forest Products Corp., 499 So.2d 1138 (La.App. 2d Cir. 1986); Nugent v. Franks, 471 So.2d 816 (La.App. 2d Cir.1985); Brown v. Wood, 451 So.2d at 573.
Debetaz purchased the .31 acres in July, 1983. At that time fences were in existence between her property and that property adjacent to the west and north. Charles Culbreath, Debetaz’s ancestor in title, acquired the .31 acres in May, 1966. He stated that the western fence was in existence at the time of the 1966 purchase, was briefly torn down and was rebuilt in 1975 along the same fence line. Culbreath testified that he furnished the labor and wire and Carl Kyzar furnished the posts to rebuild the fence in 1975. The northern fence was in existence when Debetaz purchased the .31 acres, was removed by mutual agreement and replaced by Debetaz when the dispute began. Champagne testified that the fence was in existence in 1972 when Champagne acquired his property.
Charles Buddy Rogers, Culbreath’s ancestor in title acquired the property on December 31, 1955. Rogers testified that in December, 1955, fences were in existence in the same approximate locations as the existing west and north fences.
*396 Rogers, Champagne, Culbreath and Ky-zar testified that there was some discussion through the years that the boundaries were uncertain although the existing fence lines were maintained.
The trial court found that Debetaz, together with her ancestors in title, possessed the property for thirty years, acquiring prescriptive title to the property. Possession is a factual determination which should not be set aside unless manifestly erroneous. Aymond v. Smith, 476 So.2d 1081 (La.App. 3d Cir.1985). After careful review of the record we find the trial court’s determination is not clearly wrong. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.