EDWARDS, Judge.
From a judgment in a possessory action in favor of defendant, Ann Murray Feiber, and against plaintiffs, Stephen M. Swart-ley, Jan K. Shaw, and Richard P. O’Leary, dismissing the suit, plaintiffs appeal. We affirm.
Plaintiffs filed a possessory action on July 21, 1987, and alleged in their petition possession as owners of a strip of land beginning at the southwest corner of Lot 530, Rosemound Campsites, in West Felici-ana Parish, and bearing south 05 degrees 16 minutes west a distance of 75 feet, as its frontage, on a road right of way and going back between parallel lines with a bearing of south 88 degrees east on its northern and southern boundaries in straight lines to the mean low water line of Lake Rose-mound. Plaintiffs’ Lot 530 and defendant’s Lot 529 are adjacent to each other along defendant’s northern boundary. The disputed strip is in the area where the lots adjoin.
Before the possessory action was filed, defendant filed a boundary action that resulted in a judgment, signed December 8, 1987, fixing the boundary, between Lot 529 and 530, based on title and surveys. With the boundary set by the court, the disputed strip was included in Lot 529.
In the possessory action, the plaintiffs allege that they have had possession quietly and without interruption for more than one year prior to the disturbance by defendant. The plaintiffs purchased their lot on March 24, 1986, from the Blairs. Within six to eight months of purchase, the plaintiffs cleared brush, built two retaining walls, built a walkway, and used a preexisting pier. Within the disputed area, plaintiffs’ petition alleged several disturbances by defendant:
1. On August 12, 1986, defendant advised plaintiffs that she owned Lot 529 which adjoins Lot 530 and that her lot included the land plaintiffs claim to possess;
*509 2. On January 8, 1987, by a letter from defendant’s attorney, the plaintiffs were notified that they were encroaching on defendant’s land and were ordered to stop any work or improvements; and
3. On January 31, 1987, defendant had Lot 529 surveyed.
The trial court found that plaintiffs had been disturbed by the January 8 letter. However, the plaintiffs had not proved adverse possession by enclosures sufficient to give notice of the character and extent of the possession. The court also found that there was insufficient evidence of the acts of plaintiffs’ ancestor in title, the Blairs, to support any possession by the former owners. Therefore, plaintiffs could not “tack” or add their ancestor’s period of alleged possession to theirs to establish peaceful possession for more than a year as required by the Louisiana Code of Civil Procedure.
Plaintiffs assign error to the holdings of the trial court, which were: (1) the acts of plaintiffs were not sufficient to support a claim of adverse possession, and (2) the evidence was insufficient to support past acts of possession by the ancestors in title.
Louisiana Code of Civil Procedure article 3658 sets forth the following requirements for a possessory action:
To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.
To meet the requirement of article 3658(2), possessors are allowed to add, or tack, the adverse possession of ancestors in title to the present possessors’ time period. LSA-C.C.P. art. 3658(2); Brown v. Wood, 451 So.2d 569, 572-73 (La.App. 2d Cir.),
cert. denied, 452 So.2d 1176 (La.1984). The burden is on the possessor to prove his possession and that of his ancestors in title. LSA-C.C.P. art. 3658; A. Yiannopoulos, Property § 213, in 2 Louisiana Civil Law Treatise (2d ed. 1980).
Tacking is allowed under Civil Code articles 794, 3441 and 3442. Article 794 tacking is different from the tacking provisions of Civil Code articles 3441 and 3442. Under the general transfer, tacking and possession articles, 3441-42, tacking is allowed with respect to property that is included and described in the juridical link between the possessor’s ancestor in title and the possessor himself. Under article 794 concerning boundaries, the juridical link which passes to the possessor from his ancestor in title need not encompass the particular property that the possessor claims by prescriptive title. Brown, 451 So.2d at 573-74. More simply stated, article 794 tacking may be used to prescribe beyond title, on adjacent property, to the extent of visible boundaries. Brown, 451 So.2d at 574. See also Debetaz v. Kyzar, 540 So.2d 394, 395 (La.App. 1st Cir.1989). Under either the general articles or article 794, the possessor must prove the acts of possession by the ancestor in title. LSA-C. C.P. art. 3658.
Plaintiffs allege that their ancestor in title, Mr. Blair, built a pier on the disputed property and claim this act was sufficient evidence to sustain a finding of acts of possession by Blair and to allow the tacking of Blair’s possession onto plaintiffs’ alleged acts of adverse possession.
Plaintiff, Stephen Swartley, testified at trial that he believed the pier was part of his lot at the time of purchase. Defendant testified that the pier was in place when she purchased Lot 529 in 1984, and that she had seen Mr. Blair use it once. There was no testimony or evidence to show who built the pier or when it was built, and no testimony or evidence concerning any alleged acts of adverse possession by the Blairs.
The plaintiffs purchased Lot 530 in March of 1986. The trial court used January 8, 1987, as the disturbance date. Al *510 though it is not clear when the acts alleged by plaintiffs to be acts of adverse possession began, it is clear that less than one year elapsed between the purchase date in March, 1986, and the latest disturbance date set forth by plaintiffs of January, 1987. Even assuming acts of possession by plaintiffs, the plaintiffs can meet the requirement of 3658(2), that the possession be quiet and uninterrupted “for more than a year immediately prior to the disturbance only by utilizing the concept of tacking.
After a thorough review of the record, we find that the trial court did not err in finding insufficient evidence of past acts of possession by the ancestors in title, and, therefore, the plaintiffs could not utilize the tacking approach. Without the requisite time period, plaintiffs cannot be maintained in their possession or possessory action. For these reasons, it is not necessary to address plaintiffs’ other arguments.
All costs of this appeal are assessed to plaintiffs.
AFFIRMED.