737 So.2d 858 (1999)
Maggie Kelly EWALD, et al., Plaintiff-Appellant,
v.
James S. HUBBARD, et al., Defendant-Appellee.
No. 31,506-CA.
Court of Appeal of Louisiana, Second Circuit.
March 12, 1999.
Rehearing Denied April 1, 1999.
Writ Denied June 25, 1999.
*859 Walter F. Johnson, III, Shreveport, Counsel for Appellant.
Peters, Ward, Bright & Hennessy, by Frank Bright, Shreveport, Counsel for Appellee.
Before NORRIS, WILLIAMS and STEWART, JJ.
WILLIAMS, Judge.
In this action to establish ownership through adverse possession of eighteen acres of land not described in their deed, the plaintiffs, Maggie Ewald and Philip Ewald, Jr., appeal a judgment in favor of the defendants, James and Mary Jane Hubbard. The trial court found that the evidence did not establish the plaintiffs' continuous possession as owners of the disputed 18-acre tract and that plaintiffs did not have a legal claim to possession or ownership of any property located beyond the land described in their title. For the following reasons, we reverse and render.

FACTS
In 1945, Philip J. Ewald and his wife, Maggie Ewald, purchased a tract of land thought to contain 80 acres and described in the deed as the South Half of the NE Quarter of Section 21, in Caddo Parish, Louisiana. The Ewalds' residence was located on an adjoining 33-acre tract to the south. The "South Half" tract of land was enclosed by a barbed-wire fence. The adjoining tract of land located to the north is owned by the defendants, James and Mary Jane Hubbard, residents of Alabama. After Ewald died in January 1996, his wife, Maggie and their son, Philip Ewald, Jr., inherited the decedent's interest in the property.
In November 1996, in preparation for a timber sale, the defendants' forester, Joe Willette, sent a crew to the site and they placed several flags to mark the property. Willette commissioned James Souter to survey the Hubbard tract. Souter discovered that the section of fence along the north side of the Ewalds' land encroached on an area containing approximately eighteen acres beyond the property line described in their deed. The surveying crew painted trees to indicate the southern boundary line of the Hubbard tract as described in the deed.
*860 In December 1996, the succession of Philip Ewald was filed. The detailed descriptive list included the tract of land described in their deed as the South Half of the NE Quarter of Section 21, Township 22 North, containing approximately 80 acres. Subsequently, the plaintiffs, Maggie Ewald and Philip Ewald, Jr., filed this action seeking to establish their possession of the disputed tract of land and the recognition of a property boundary at the existing fence line, which they asserted had been maintained for 52 years. Plaintiffs also sought an injunction prohibiting defendants' use of the disputed 18-acre tract of land.
After a trial, the district court rendered judgment in favor of the defendants, dismissing the plaintiffs' claims. The trial court found that the evidence failed to establish that the plaintiffs have continuously possessed as owner the disputed land, and that the plaintiffs do not have a legal claim to possession or ownership of any property located outside of the 80-acre tract of land owned by them and described in their title. The plaintiffs appeal the judgment.

DISCUSSION
The plaintiffs contend the trial court erred in finding that they have not possessed with an intent to own the disputed eighteen-acre tract of land. Plaintiffs argue that their undisturbed possession of the fenced land for over fifty years is sufficient to establish their ownership of the disputed tract.
Immovable property may be acquired by thirty years acquisitive prescription without just title. Williams v. McEacharn, 464 So.2d 20 (La.App. 2d Cir. 1985). The party alleging acquisitive prescription must establish that his possession has been continuous and uninterrupted, peaceable, public and unequivocal. LSA-C.C. art. 3476. To acquire possession, one must intend to possess as owner and take corporeal possession of the thing. LSA-C.C. art. 3424. Corporeal possession is the exercise of physical acts of use, detention or enjoyment over a thing. LSA-C.C. art. 3425. Where a person claims by possession alone and without title, the courts have required that he show an adverse possession by enclosures, which are natural or artificial marks giving notice of the character and extent of the possession. Norton v. Addie, 337 So.2d 432 (La.1976).
In the present case, the plaintiffs presented testimony by Floyd Washington that the north fence existed at its present location when his father originally sold the property to Philip Ewald in 1945. In his stipulated testimony, Washington stated that his father grew corn and sugar cane, raised livestock and operated a cane syrup mill in the disputed area. Another witness, Aubrey Clark, testified that he was familiar with the property and was aware that the fence was in place at least as early as 1959. In addition, the plaintiffs testified that Philip Ewald maintained the fence with periodic repairs and used a portion of the disputed land as pasture for horses.
In Williams v. McEacharn, supra, this court previously found that a party's act of enclosing disputed property with a fence and using a portion thereof as pasture for horses constitutes corporeal possession of the entire tract. Similarly, Ewald's maintenance of the fence and use of the disputed land was sufficient to provide notice to the public of the extent of his possession. In light of the foregoing law and evidence, we must conclude the trial court was clearly wrong in finding that the remaining fence on the north side of the Ewald tract was not a sufficient enclosure to establish the Ewalds' possession over the entire tract.
The plaintiffs also argue the trial court erred in finding that their possession of the disputed land was not with the intent to possess as owners. One is presumed to intend to possess as owner unless he began to possess in the name of and for another. LSA-C.C. art. 3427. *861 The intent to possess as owner may be inferred from all of the surrounding facts and circumstances. Livingston v. Unopened Succession of Dixon, 589 So.2d 598 (La.App. 2d Cir.1991).
In their brief, the defendants contend the plaintiffs never intended to possess as owners another's property which exceeded 80 acres. The defendants argue that the plaintiffs' testimony concerning their belief that the fenced area contained only 80 acres, and the succession filing which listed the property as described in the deed, provide sufficient evidence to rebut the presumption that plaintiffs intended to possess the disputed tract as owners. However, this argument is not supported by the record.
Maggie Ewald testified that her husband's purchase of the land was based on the visible fenced area and that they subsequently used the land from "fence to fence." Philip Ewald, Jr. testified that although he thought the fenced area contained 80 acres, he and his parents had intended to own all of the land "under fence." In addition, the succession judgment of possession expressly provides that Maggie Ewald is entitled to ownership and possession of her undivided one-half interest in the property formerly belonging to the community of acquets and gains. The judgment also places Philip Ewald, Jr. in possession of a one-fourth interest in the decedent's property, "which includes, but is not limited to" the property set forth in the detailed descriptive list. The fact that plaintiffs were placed in possession of the lot described in their title cannot be construed as an admission that they do not own the disputed tract. Miller v. White, 539 So.2d 1268 (La.App. 3rd Cir.1989). Thus, the trial court erred in finding that the plaintiffs' succession pleadings limited their ownership to the 80-acre tract described in their deed.
Based upon this record, the plaintiffs are entitled to the strong legal presumption, provided by Article 3427, that they possessed the disputed tract of land with the intent to possess as owners. The Ewalds did not commence their possession in the name of another and their lengthy undisturbed use of the property without paying rent to anyone is an additional circumstance establishing their intent to possess as owners. The defendants failed to produce evidence to rebut the presumption. Consequently, the trial court erred in its determination that the Ewalds' possession of the disputed tract for approximately 50 years was not with the intent to possess as owners.
Ownership of immovables may be acquired by the prescription of thirty years without the need of just title. LSA-C.C. art. 3486. When a party proves acquisitive prescription, the boundary shall be fixed according to limits established by prescription rather than by title. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than called for in their title, the boundary shall be fixed along those bounds. LSA-C.C. art. 794; Livingston, supra.
Here, the plaintiffs presented evidence to establish that they and their ancestor in title possessed as owners for over thirty years without interruption and within visible bounds more land than provided by their title. Thus, the trial court was clearly wrong in refusing to recognize the plaintiffs' ownership by acquisitive prescription of the 18-acre tract of land possessed by the Ewalds since 1945. Consequently, the judgment must be reversed. Accordingly, the boundary between the contiguous lands owned by the parties shall be established as a line which is as straight as reasonably practicable within the existing fence markers.

CONCLUSION
For the foregoing reasons, the trial court's judgment is reversed and the plaintiffs, Maggie Ewald and Philip Ewald, Jr, are recognized as owners of the approximately eighteen acres of land possessed *862 beyond their title and bordered by the existing fence line, which is hereby established as the boundary between the contiguous lands owned by the plaintiffs and the defendants, James Hubbard and Mary Jane Hubbard. All costs, here and below, are assessed to the appellees, James and Mary Hubbard.
REVERSED AND RENDERED.