756 So.2d 680 (2000)
Jesse A. PACE, Plaintiff-Appellant,
v.
Leonard TOWNS, Defendant-Appellee.
No. 33,071-CA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2000.
*681 Cusimano & Aswell by Joseph A. Cusimano, Jr., Farmerville, Counsel for Defendant-Appellee.
Robert W. Hallack, Baton Rouge, Counsel for Plaintiff-Appellant.
Before NORRIS, C.J., and GASKINS and KOSTELKA, JJ.
NORRIS, Chief Judge.
Jesse Pace appeals a judgment fixing a boundary between adjacent tracts and declaring the defendant, Leonard Towns, the owner of the disputed 1.3-acre strip of land. For the reasons expressed, we affirm.

Facts
Pace and Towns own adjacent tracts of land in Union Parish (specifically, the W ½ of the NW ¼ of Sec. 7, T23N, R3E). Pace's tract lies to the west, and Towns's lies mostly to the east.[1] They lived in relative harmony until 1995, when Towns attempted to cut timber off the disputed area. Pace obtained a temporary restraining order, claiming that there was a boundary fence which marked this property (the disputed strip, containing 1.3 acres) as his own. While Pace was out of state, Towns moved the fence approximately 12 feet to the west.
Upon his return, Pace noticed this and filed the instant petition, seeking to fix the boundary according to metes and bounds, and to have the disputed strip declared his own by acquisitive prescription. The basis of the prescription claim was that Pace, or his ancestors in title, had corporeally possessed the property as far east as the fence for over 30 years. Towns contended that the fence was not a boundary fence but merely a "cross fence," and that according to Pace's own metes and bounds, the true boundary was where Towns had recently relocated the fence.
Trial was held in October 1997. The parties presented extensive evidence concerning their respective chains of title. Various witnesses described how the disputed strip had been used over the years, as well as the nature of the old fence. Mr. Jerry Rugg, an expert surveyor retained by Towns, testified that according to the metes and bounds recited in Pace's deed, the true boundary was where Towns had recently placed the fence. Rugg admitted, however, that utilizing Towns's deed, he could not determine who owned the disputed strip, though under the circumstances he felt it belonged to Towns.
In August 1998 the District Court ruled that Townsthe defendanthad established the boundary by title instead of by possession, and that it lay along the new fence line; and that Pacethe plaintiff had failed to prove continuous and uninterrupted possession sufficient to prove acquisitive prescription of the disputed strip. Pace has appealed suspensively.

Applicable Law
"The court shall render judgment fixing the boundary between the contiguous lands in accordance with the ownership or possession of the parties." La. C.C.Pr. art. 3693. This article was amended in 1977 and according to the comments, the law was not changed. However, a prior 1961 amendment made a significant change in the law in that the article overruled, *682 legislatively, the cases holding that questions of title and ownership could not be determined in a boundary action. La. C.C.Pr. art. 3693 (comments); Travis v. Lake Superior Piling Co., 401 So.2d 432 (La.App. 1st Cir.), writ denied 406 So.2d 628 (1981).
The court shall fix the boundary according to the ownership of the parties; if neither party proves ownership, the boundary shall be fixed according to limits established by possession. La. C.C. art. 792. When one party relies on title and the other party on acquisitive prescription, the party relying on title will prevail unless the adversary establishes his ownership by acquisitive prescription. Pison, Inc. v. Jackson, 633 So.2d 234 (La.App. 1st Cir.1993); Suire v. Vermilion Parish School Bd., 614 So.2d 203 (La.App. 3d Cir.1993).
Immovable property may be acquired by thirty years acquisitive prescription. La. C.C. art. 794; Ewald v. Hubbard, 31,506 (La.App.2d Cir.3/12/99), 737 So.2d 858, writ denied 99-1289 (La.6/25/99), 746 So.2d 602; Bennett v. La. Pacific Corp., 29,598 (La.App.2d Cir.5/9/97), 693 So.2d 1319, writ denied 97-1552 (La.10/3/97), 701 So.2d 199. The possessor need not have just title to the property or be in good faith. Bennett v. La. Pacific Corp., supra. The party alleging acquisitive prescription must establish that his possession has been continuous and uninterrupted, peaceable, public and unequivocal. La. C.C. art. 3435; Ewald v. Hubbard, supra; Bennett v. La. Pacific Corp., supra; Guillot v. Evans, 31,591 (La. App.2d Cir.2/26/99), 728 So.2d 1052, writ denied 99-1178 (La.6/4/99), 744 So.2d 631.
The possession of the transferor is tacked to that of the transferee if there has been no interruption of possession. La. C.C. art. 3442; Lowe v. Jones, 519 So.2d 379 (La.App. 2d. Cir.), writ denied 522 So.2d 1097 (1988); Debetaz v. Kyzar, 540 So.2d 394 (La.App. 1st Cir.1989). What constitutes adverse possession in any case depends on the nature of the property and is a question which must be determined in each case on its own facts. Bennett v. La. Pacific Corp., supra. The party who seeks title through acquisitive prescription bears the burden of proof. Guillot v. Evans, supra.
To prove ownership of immovable property when another is in possession of the property, an individual must prove that he has acquired ownership from a previous owner. La. C.C.P. art. 3653; see also La. C.C. art. 531.
Whether or not disputed property has been possessed for 30 years without interruption is a factual issue and will not be disturbed on appeal absent a showing of abuse of discretion, or manifest error. Id.; Bennett v. La. Pacific Corp., supra; Lowe v. Jones, supra. Additionally, boundary location is a question of fact and the determination of its location by the trial court should not be reversed absent manifest error. Mistric v. Kurtz, 610 So.2d 226 (La.App. 3d Cir.1992), writ denied 612 So.2d 102 (La.1993).

Discussion: Scope of boundary action
By his first assignment of error, Pace urges the District Court committed legal error in that the judgment "clearly goes beyond any relief requested by the defendant or to which the defendant is entitled because the defendant never in any of his pleadings claimed or asserted title or ownership in himself." Pace argues that his petition is, strictly speaking, a possessory action, not a petitory action; and that Towns's answer similarly seeks only the fixing of the boundary, without asserting ownership of the disputed strip. Pace concedes that the court may grant any relief to which the parties are entitled, La. C.C.P. art. 1841, but argues that under the specific laws governing real actions, La. C.C.P. art. 3651 et seq., the court simply cannot render a judgment of ownership unless it is properly raised in a petitory action.
*683 In its written Reasons for Ruling, the District Court noted that under La. C.C. art. 792, the boundary must be fixed "according to the ownership of the parties; if neither party proves ownership, the boundary shall be fixed according to the limits established by possession." Similarly, in a boundary action, "the court shall render judgment fixing the boundary between the contiguous lands in accordance with the ownership or possession thereof." La. C.C.P. art. 3693. These articles, enacted by La. Acts 1977, No. 169, overruled prior jurisprudence which had held that title and ownership could not be decided in a boundary action. See La. C.C. art. 792, Revision Comment (c). In short, the law expressly authorizes the court to decide issues of title and ownership in the context of a boundary action; as previously noted, Towns's answer asked the court to fix the boundary. In sum, the District Court was not in error to consider title matters in the instant case. The first assignment lacks merit.

Proof of ownership
By his second assignment, Pace urges the District Court committed manifest error in finding that Towns proved ownership to the disputed strip. His premise is that any party who is not in corporeal possession of the land, but asserts the ownership of it, must make out his title "good against the world." La. C.C.P. art. 3653(1); Pure Oil Co. v. Skinner, 294 So.2d 797 (La.1974). He argues that Towns's expert, Jerry Rugg, failed to establish that Towns's title includes the disputed strip; Rugg only expressed the opinion that Pace's title did not include it. He concludes that this is not sufficient to meet Towns's burden of proving his own title.
The title history adduced at trial is difficult. Both parties trace their title to a common ancestor, George E. Dollar. According to the joint exhibit, George E. Dollar's 1927 deed describes the NW ¼ of the NW ¼ of Sec. 7, less and except a specifically described three-acre tract that begins 70 yards east of the NE corner of the NW ¼ of the NW ¼. Jerry Rugg, the surveyor, testified that this description was obviously in error, because the "less and except" portion, if platted verbatim, would fall in the NE ¼ of the NW ¼. He therefore interpreted the "less and except" portion as beginning 70 yards west of the same corner; this way, the excluded portion falls entirely in the NW ¼ of the NW ¼, as described, and the total 45 acres recited in the deed is attained. The District Court explicitly accepted Rugg's opinion of the 1927 deed.
Subsequent deeds in Pace's chain of title from George E. Dollar to his son, Odys Dollar in 1935 (conveying only 38 acres), from Odys Dollar to Clifton Perkins in 1949 (conveying only 15 acres), from Clifton Perkins to John and Billy Ruth Reynolds in 1968 (conveying only four acres), and finally from Mr. and Mrs. Reynolds to Pace in July 1973all confirm that the property conveyed therein lies completely in the W ½ of the NW ¼ of Section 7.
Towns's title derives from a 1951 donation and partition deed from Odys Dollar and heirs of George E. Dollar to Maggie Dollar Deggs, conveying 64 acres described as the NE ¼ of the NW ¼ the N ½ of the SE ¼ of the NW ¼, one acre in the NE corner of the SW ¼ of the NW ¼, and three acres on the east side of the NW ¼ of the NW ¼, all in Sec. 7. Ms. Deggs conveyed these 64 acres to Towns in December 1973. On the basis of this chain of title, Pace conceded in post-trial brief that Towns has title to roughly one-third of the disputed strip, the portion lying south of the "40 line."[2]
Jerry Rugg, the surveyor, admitted that Towns's direct title was ambiguous about *684 the northern portion of the disputed strip. However, he testified that based on his research into both parties' chains of title, he felt confident that the conveyance from Maggie Dollar Deggs to Towns did in fact include the disputed strip. The District Court explicitly accepted Rugg's interpretation of the parties' respective deeds. On the record presented, the District Court was not manifestly erroneous in finding that Towns had proven that he acquired ownership from Maggie Dollar Deggs, a previous owner. La. C.C.Pr. art. 3653.

Acquisitive prescription
By his third assignment of error, Pace urges the District Court committed manifest error in concluding that he failed to prove possession of the disputed strip. He contends that since he was in possession of the strip, he was entitled to tack on the possession of prior owners to prove acquisitive prescription. La. C.C. art. 794; William T. Burton Indus., Inc. v. Wellman, 343 So.2d 996 (La.1977). Factually, he contends that the old fence had marked the physical boundary between the tracts for over 30 years, and that the testimony showed that he and his predecessors in title performed acts of open physical possession. La. C.C. art. 3476; Livingston v. Unopened Succession of Dixon, 589 So.2d 598 (La.App. 2 Cir.1991).
We will not belabor the testimony concerning the fence, which Towns conceded at trial had probably been in place since prior to 1965. Pace argues, and the District Court found, that for much of the time they owned the property, Mr. and Mrs. Reynolds raised pigs and horses on the disputed strip. The Reynoldses' son, however, testified that before they actually sold the property to Pace in July 1973, they moved to Arkansas, taking their livestock with them. This occurred in July 1972. Notably, Pace testified that the Reynoldses actually lived on the tract during this period, and kept only a "residence" in Arkansas. The District Court, hearing both of these accounts, found a one-year interruption of the Reynoldses' possession. Under the circumstances, we cannot declare this plainly wrong.
Pace finally argues that even if the Reynoldses' possession was disturbed for a year, this short interruption is "irrelevant." In support he cites Livingston v. Unopened Succession of Dixon, supra. Livingston, however, is distinguished in that the defendant therein proved a 30 years' acquisitive prescription before the minor disturbances occurred. We specifically stated that prescription accrued in 1974; the disturbance arising when the plaintiffs moved the fence in 1979 did not defeat the defendant's title.
In sum, we perceive no manifest error in the finding that Pace did not prove 30 years of continuous and uninterrupted, peaceable, public and unequivocal possession. La. C.C. art. 3435; Ewald v. Hubbard, supra.

Conclusion
For the reasons expressed, the judgment is affirmed. Costs are assessed to the appellant, Jesse A. Pace.
AFFIRMED.
NOTES
[1] Other portions of Towns's property are not at issue in this trial.
[2] This line, separating the NW ¼ from the SW ¼ of the NW ¼ of Sec. 7, is shown in an approximate location on Rugg's survey.