785 So.2d 134 (2001)
Elme BOWMAN, Sr. and Rosena Crump Bowman, Plaintiffs-Appellees
v.
Leon Fitzgerald BLANKENSHIP, Sr. and Mildred Johnson Blankenship, Defendants-Appellants.
No. 34,558-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2001.
Writ Denied June 22, 2001.
*135 Daryl Blue, Pamela Blankenship, Counsel for Appellants.
Bobby L. Culpepper, Counsel for Appellees.
Before BROWN, GASKINS and PEATROSS, JJ.
GASKINS, J.
The defendants, Leon Fitzgerald Blankenship, Sr. and his wife, Mildred Johnson Blankenship, appeal from a trial court judgment rejecting their claim of 30 years acquisitive prescription and establishing the boundary line separating the Blankenships' *136 property and that of the plaintiffs, Elme Bowman, Sr. and his wife, Rosena Crump Bowman, according to their respective titles. We affirm the trial court judgment.

FACTS
The plaintiffs, Mr. and Mrs. Bowman, filed suit on July 17, 1998 to establish the boundary between their property and that of the defendants, Mr. and Mrs. Blankenship. The parties own land in the E½ of the NE¼, Sec. 31, T18N, R3W, in Lincoln Parish. The plaintiffs asserted that the boundary between the tracts had never been established by agreement or judicially, and should be set in accordance with a survey of the property.
The defendants filed an exception, claiming that they had acquired ownership of a disputed strip of land on the boundary between the tracts by virtue of 30 years acquisitive prescription. They claimed that they purchased one acre of land from Roy H. Timberlake on September 9, 1952. They asserted that the plaintiffs' property lies adjacent to their tract, on the east. According to the defendants, Mr. Timber-lake had already established a barbed-wire fence boundary between the properties now owned by the plaintiffs and the defendant. That fence line was not on the boundary line established in the parties' deeds, but was to the east of the boundary line. The defendants claimed that they maintained open and adverse possession of the property up to the fence line since purchasing the property in 1952, and therefore acquired ownership of the property through 30 years acquisitive prescription. The exception was referred to the merits of the boundary action.
At the trial of the matter on July 6, 2000, the parties stipulated that the plaintiffs' surveyor, William T. Lowe, if called to testify, would state that he prepared a survey of the property in question in December 1993. That survey reflects the boundary line in accordance with the deeds by which the parties acquired their respective tracts of land. He stated that he found no evidence of an old fence line. The parties further stipulated that the fence in place now is situated in line with the surveys of the property.
Mr. Blankenship testified at trial that he purchased the property in 1952. He worked in Alexandria, Louisiana from 1974 to 1983 and returned to the property on weekends. According to Mr. Blankenship, in 1952, there was a fence between his property and the tract now owned by the Bowmans. This fence was not on the boundary line expressed in the deed. There was no testimony as to when the fence was constructed. Mr. Blankenship claimed that he used the property and maintained it up to that fence line. He claimed that over the years, he mowed the disputed property, raised cows and gardens there, and parked cars on it. Mr. Blankenship testified that the disputed property measures 40 feet by 100 feet. He claimed that he retired in 1983, but did not permanently return to the area until 1992 or 1993.
According to Mr. Blankenship, Ray Hays owned the adjoining property at some point prior to its acquisition by the Bowmans. Mr. Blankenship testified that prior to 1983, Ray Hays bulldozed down the fence. Although Mr. Blankenship insisted that the fence was bulldozed prior to 1983, he could not supply a date or even a year in which this occurred. After Mr. Hays bulldozed the fence, Mr. Blankenship testified that he stopped keeping cows on the disputed property. Mr. Blankenship put up another fence, basically in line with Mr. Lowe's survey; however, he did not state when he installed the new fence.
*137 The defendants' surveyor, Albert D. Hulett, Jr. testified that he surveyed the exterior boundaries of the property in December 1991, at the request of Mr. Blankenship. He placed the boundary in accordance with the deeds of the Bowmans and the Blankenships and in the same location as Mr. Lowe. According to Mr. Hullet, there were no cows on the disputed property when he made his 1991 survey. When asked whether he observed any evidence of old fences on the property, Mr. Hullet stated that there was an "old fence along what's subsequently come to be east of the boundary line of his property that I established...." He stated that although in a bad state of repair, the old fence line was being maintained. He stated it was also grown up in "privet hedges." He was then asked, "In your field of expertise, what evidence or what finds did you see to determine that there was an old fence line there?" He stated, "There was a post with barbed wire in this particular case. I think it was 3 or 4 strand barbed wire nailed to the post, along with the privet hedges growing up in the fence row. There's a definite line of demarcation." However, Mr. Hullet did not survey the old fence line but dealt only with the boundaries according to the deeds. He stated that in 1991, "Mr. Blankenship was keeping the area up to the old fence between his deed line of record and the old fence approximately 40 feet to the east. He was keeping that mowed and had an old vehicle or two over the line." Mr. Hulett stated that Mr. Blankenship was "distraught" that he did not survey to the old fence line. Mr. Blankenship stated that he thought he owned the property up to the old fence line.
Mr. Hulett went back to the property in June 2000 before trial. No remnants of the old fence remained other than an old electric pole that had been in line with it.
Several people testified that they saw Mr. Blankenship keep cows and abandoned vehicles on the property. However, none of these witnesses could state when that occurred or for how long.
At the conclusion of the evidence, the trial court rejected the defendants' claim for ownership of the disputed property by virtue of 30 years acquisitive prescription. The court noted that there was no showing of how long prior to 1952 the fence had been in place. Therefore, Mr. Blankenship's possession was deemed to have commenced when he acquired the property in 1952. The court reasoned that the bulldozing of the fence was an act of adverse possession which occurred prior to 1983. However, there was no specific showing as to when that event took place. Accordingly, the court concluded that the defendants failed to carry their burden of proving 30 years acquisitive prescription of the disputed property. The court then set the boundaries between the tracts according to the deeds of the parties and the surveys by Mr. Lowe and Mr. Hulett. The defendants appealed the trial court judgment. They argued that the trial court erred in disregarding the testimony of the expert witness that the old barbed wire fence was present. They claimed that the trial court erred in arbitrarily ruling that the appellants did not have the requisite 30 years for acquisitive prescription and that the tearing down of the fence interrupted acquisitive prescription. They further urge that the trial court erred in determining that the boundary could not be fixed by the defendants' adverse possession.

LEGAL PRINCIPLES
The court shall fix the boundary according to the ownership of the parties; if neither party proves ownership, the boundary shall be fixed according to limits established by possession. La. C.C. art. *138 792; La. C.C.P. art. 3693. When one party relies on title and the other party on acquisitive prescription, the party relying on title will prevail unless the adversary established his ownership by acquisitive prescription. Pace v. Towns, 33,071 (La. App.2d Cir.4/5/00), 756 So.2d 680. Ownership and other real rights in immovables may be acquired by the prescription of 30 years without the need of just title and possession in good faith. La. C.C. art. 3486. When a party proves acquisitive prescription, the boundary shall be fixed according to limits established by prescription rather than titles. If a party and his ancestors in title possessed for 30 years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds. La. C.C. art. 794. The party seeking title to a tract of land through acquisitive prescription bears the burden of proof. Fallin v. Pesnell, 27,814 (La. App.2d Cir.1/24/96), 667 So.2d 581; Livingston v. Unopened Succession of Dixon, 589 So.2d 598 (La.App. 2d Cir.1991).
To acquire possession, one must intend to possess as owner and take corporeal possession of the thing. La. C.C. art. 3424. Corporeal possession is the exercise of physical acts of use, detention, or enjoyment over a thing. La. C.C. art. 3425. The possessor need not have just title to the property or be in good faith. The party alleging acquisitive prescription must establish that his possession has been continuous and uninterrupted, peaceable, public and unequivocal. La. C.C. art. 3476; Pace v. Towns, supra.
Acquisitive prescription is interrupted when possession is lost. The interruption is considered never to have occurred if the possessor recovers possession within one year or if he recovers possession later by virtue of an action brought within one year. La. C.C. art. 3465. Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact and disturbance in law. A disturbance in fact is an eviction, or any physical act which prevents the possessor of immovable property or a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment. La. C.C.P. art. 3659.
Whether or not disputed property has been possessed for 30 years without interruption is a factual issue and will not be disturbed on appeal absent a showing of abuse of discretion, or manifest error. Bennett v. Louisiana Pacific Corporation, 29,598 (La.App.2d Cir.5/9/97), 693 So.2d 1319, writ denied, 97-1552 (La.10/3/97), 701 So.2d 199; Owens v. Smith, 541 So.2d 950 (La.App. 2d Cir.1989). Additionally, boundary location is a question of fact and the determination of its location by the trial court should not be reversed absent manifest error. Pace v. Towns, supra; Fallin v. Pesnell, supra.

DISCUSSION
We find that the trial court did not err in concluding that the defendant failed to establish ownership by virtue of 30 years acquisitive prescription. The defendants bore the burden of proof on that issue. The evidence shows that the defendants bought the property in 1952 and a fence was in place at that time. However, the defendants did not show how long the fence had been there prior to 1952. Therefore, the trial court was not manifestly erroneous in beginning its calculation of the defendants' possession for the purpose of prescription in 1952. The defendants do not object to this finding.
According to Mr. Blankenship's own testimony, the fence was bulldozed at some point prior to 1983. This action threw an *139 "obstacle in the way of that enjoyment," discussed in La. C.C.P. art. 3659, and constituted a disturbance in fact of the defendants' possession. Mr. Blankenship testified that when Mr. Hayes "bulldozed the fence down, let my cows out on the road, cars running over," that was the last time he kept cows in the area. The trial court correctly found that the act of bulldozing the fence interrupted the defendants' possession for purposes of acquisitive prescription.
Further, although the defendants argue that the fence was still in place in 1991, this is not supported by the record. Mr. Hullet testified that he could see a line of demarcation regarding the old fence line, but only found a post with some barbed-wire attached and some privet hedges growing in the old fence row. He did not state that the old fence was intact in 1991. In 1993, when Mr. Lowe surveyed the property, he did not find an old fence line.
After the disturbance of their possession, the defendants were required to recover possession within one year of the disturbance in order to continue their possession for purposes of acquisitive prescription. The defendant failed to make such a showing. Mr. Blankenship testified that he put up another fence largely in line with the record boundary; however, he did not say when he built the fence. Although Mr. Hullet testified that Mr. Blankenship was maintaining the property up to the old fence line in 1991, and Mr. Blankenship said he mowed the area up to the old fence line and parked cars in that area, the defendants failed to show that they recovered possession of this area within one year of the disturbance.
The facts of the present case are distinguishable from those found in Vollmer v. Noel, 98-23 (La.App. 3d Cir.6/3/98), 713 So.2d 853 and Williams v. Peacock, 441 So.2d 57 (La.App. 3d Cir.1983). In Vollmer, the evidence showed a clear boundary and possession for 30 years without any dispossession. Similarly in Williams, the facts clearly supported a finding of 30 years possession without disturbance. In the present case, Mr. Blankenship's possession was disturbed at some point prior to 1983. Because we do not know exactly when that event took place or when the Blankenships regained possession of the property, we cannot say that they proved continuous, uninterrupted, peaceable, public and unequivocal possession of the disputed tract for 30 years.
As stated above, the defendants bore the burden of proving ownership of the property through 30 years acquisitive prescription. The record shows that the defendants failed to show that they possessed the disputed property for the required 30 years. The record then shows that there was a disturbance of the defendants' possession and they then failed to show that they regained possession within one year of the disturbance, as required by law. In rejecting the defendants' claim of acquisitive prescription, the trial court made credibility determinations which are within the province of the fact finder and which have not been shown to be clearly wrong or manifestly erroneous. Accordingly, we find that the trial court did not err in determining that the defendants failed to carry their burden of proof. Therefore, the court also correctly set the boundary in accordance with the deeds of the parties and the survey.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment dismissing the claim of ownership of the disputed property by acquisitive prescription made by the defendants, Leon Fitzgerald Blankenship and Mildred Johnson Blankenship. We *140 also affirm the trial court judgment establishing the boundary in accordance with the deeds and surveys presented. Costs in this court are assessed to the defendants.
AFFIRMED.