968 So.2d 234 (2007)
Jerry GARNER, Plaintiff-Appellee,
v.
Kenneth Allen HOLLEY and Kristi Teer Holley, Defendants-Appellants.
No. 42,477-CA.
Court of Appeal of Louisiana, Second Circuit.
October 3, 2007.
Rehearing Denied November 29, 2007.
Stewart & Stewart by Jonathan M. Stewart, for Appellants.
John C. Campbell, for Appellee.
Before BROWN, STEWART, and LOLLEY, JJ.
BROWN, C.J.
Kenneth and Kristi Holley have appealed from that portion of the trial court's judgment fixing the boundary between their tract of land and that of the plaintiff, *236 Jerry Garner. For the following reasons we affirm.

Facts and Procedural Background
The Holleys and Garner own adjacent tracts of land in Sibley, Louisiana. Garner's property, which lies to the north of the Holleys', is described as follows:
Beginning 140 yards north of the V.S. & P. Railway overhead bridge, as same is presently located in Sibley, Louisiana, on west side of Minden-Ringgold Public Road, about 6 yards South of Section line 16; run 190 feet West, and intersecting Section line 16, continue West 210 feet; thence run North 82½ feet to the point of beginning; from this point run North 82½ feet; thence East 400 feet; thence South along west side of Minden-Ringgold Public Road 90 feet; thence West 400 feet to the point of beginning. . . .
The Holleys' property is described as follows:
Beginning 140 yards north of the VS & P Railroad overhead bridge on the West side of the Minden-Ringgold Highway about six yard South of the South line of Section 16. From this point of beginning run West almost 190 feet to intersect the South line of Section 16; thence West 210 feet to the Southwest corner of this lot; thence North 82.5 feet; thence East 400 feet to the Minden-Ringgold Road; thence South 90 feet to the point of beginning. . . .
Garner's ancestors-in-title, the Garner family, and the Holleys' ancestors-in-title, the Cooke family, acquired their tracts of land from a common owner sometime during the late 1920s. They shared a single driveway until 1968, at which time Garner's ancestors-in-title built a new house with a separate driveway. The shared driveway area comprises most of the disputed area at issue on appeal. The Holleys and/or their ancestors-in-title almost exclusively used the shared driveway from 1968 until the present action was brought.
Garner's ancestors-in-title were his grandparents and his parents. Garner first lived on the property as a kid in 1949 and then again when he acquired it from his mother and siblings in 2002. The Holleys' ancestors-in-title were the Cookes. The Cooke family acquired their tract in the late 1920s.
The Holleys acquired their tract of land in 2004 and decided to use it for commercial purposes. The property had been uninhabited for seven years before the purchase. As a result of the property being used for commercial purposes, there was a significant increase in the number of vehicles using and parking on the driveway. To help accommodate the additional traffic, the Holleys spread paving material along the driveway. Garner complained that the paving material had been spread on his property and that he was worried that someone would back into his air conditioning unit. It was at this point that Garner and the Holleys decided to have their properties surveyed by Paul Culpepper.
While conducting his survey, Culpepper found that the deed descriptions to the properties were not sufficient to accurately determine boundary locations, so he decided to use past surveys of neighboring properties to assist him. Upon completion, Culpepper determined that the driveway fell within Garner's tract of land.
On May 13, 2005, Garner filed a petition to establish the boundary. The Holleys answered the petition and admitted that the parties were the record owners of the property described in their deeds, but they pled that they and their ancestors-in-title had exercised open, notorious, and adverse possession, within visible bounds, of the disputed property for more than thirty *237 years and that the boundary should be fixed in accordance with this possession. Furthermore, the Holleys asserted that, in the alternative, they and their ancestors-in-title had acquired a servitude of passage across the disputed area.
After a three-day trial, the trial court established a boundary line in the front portion of the two tracts along a line midway between the two existing houses. This boundary line fixed the disputed driveway within Garner's property. Furthermore, the trial court found that the Holleys and their ancestors-in-title had acquired a servitude of passage that would allow them to continue to use the shared driveway to access their property. This servitude of passage, however, did not grant the Holleys the right to park cars on the area of the driveway falling within Garner's boundary. From these adverse rulings the Holleys have appealed.[1]

Applicable Law
After considering the evidence, including the testimony of a surveyor appointed by a party, the court shall render judgment fixing the boundary between contiguous lands in accordance with the ownership or possession of the parties. La. C.C.P. art. 3693. When one party relies on title and the other party on acquisitive prescription, the party relying on title will prevail unless the adversary can establish his ownership by acquisitive prescription. Bowman v. Blankenship, 34,558 (La.App.2d Cir.04/04/01), 785 So.2d 134, writ denied, 01-1354 (La.06/22/01), 794 So.2d 794; Pace v. Towns, 33,071 (La. App.2d Cir.04/05/00), 756 So.2d 680. The party seeking title to a tract of land through acquisitive prescription bears the burden of proof. Fallin v. Pesnell, 27,814 (La.App.2d Cir.01/24/96), 667 So.2d 581.
If a party and his ancestors-in-title possessed for 30 years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds. La. C.C. art. 794. Furthermore, the party alleging acquisitive prescription must establish that their possession has been continuous, uninterrupted, peaceable, public, and unequivocal. La. C.C. art. 3476. To acquire possession, one must intend to possess as owner and must take corporeal possession of the thing. La. C.C. art. 3424.
Whether or not disputed property has been possessed for 30 years without interruption is a factual issue and will not be disturbed on appeal unless there is a showing of abuse of discretion, or manifest error. Bowman, supra; Pace, supra. Furthermore, as boundary location is a question of fact, the determination of its location by the trial court should not be reversed absent manifest error. Bowman, supra; Fallin, supra.

Discussion
In their first two assignments of error, the Holleys' primary contention is that the trial court erred in finding that Garner had acquired ownership of the disputed area through acquisitive prescription and that they had not. While we agree in part with the Holleys' assertion, we find that the trial court did not err in finding that Garner was the owner of the disputed area.
In its written opinion, the trial court found that due to flaws in the parties' record titles, as per the testimony of Culpepper, *238 it was unable to fix the boundary according to the ownership of the parties. Thus, the trial court fixed the boundary based on the testimony of Garner that an old garage had existed and had been used by his ancestors-in-title for over forty years, and that the garage was located within the disputed driveway. While we find that the trial court did not err in finding that Garner owned the disputed area, we disagree with its finding that the boundary location of the disputed area could not be fixed in accordance with the parties' deeds.
In reviewing the Holleys' deed description, it is clearly evident that the Holleys are the record owners of 90 feet along the Minden-Ringgold Highway. This 90 feet starts at the point of beginning and goes north. Thus, at that point, 90 feet north of the point of beginning, Garner's property begins. Therefore, we need to determine how many feet north of the point of beginning the driveway begins.
Based upon the plats of survey introduced into evidence, the disputed driveway begins approximately 108 feet north of the Holleys' point of beginning. Clearly this falls within the area described in Garner's deed of acquisition, and, as such, Garner's ownership of the disputed area is based upon record title. Therefore, for the Holleys to prove ownership superior to Garner's, they were required to establish their ownership by acquisitive prescription. See Pace, supra.
The Holleys demonstrated that they and their ancestors-in-title, the Cooke family, used the shared driveway almost exclusively since 1968. Use, however, does not in and of itself amount to possession. Acquiring possession requires an intent to possess as owner and then the exercise of corporeal possession. See La. C.C. art. 3424. The Holleys failed to prove that their ancestors-in-title intended to possess the disputed area as owners.
A review of the record shows that prior to 1968 the Cooke family and the Garner family shared the driveway, each using it to access their respective properties. Then in 1968 the Garner family built a new house with a driveway off of Columbus Street. After the Garner family built their new home, the Cooke family continued to use the shared driveway in almost the same manner as they had prior to 1968.
Based on the aforementioned, and without any additional evidence, we find that the Holleys failed to prove that the Cooke family's continued use of the shared driveway to access their property was a manifestation of intent to possess the disputed area as owners. While it is generally true that intent to possess as owner is presumed, we find that such is not the case here. See La. C.C. art. 3427. The Cooke family initially used the disputed area jointly with the Garner family, without intending to possess the whole disputed area as sole owners. Without anything more, we cannot find that the Cooke family's continued use and the Garner family's discontinued use alters the parties' initial intent. Therefore, the trial court did not err in finding that the Holleys did not establish a prescriptive title to the disputed area and, thus, it did not commit manifest error in making its determination of boundary location.
In their third assignment of error, the Holleys contend that since the trial court was unable to establish a boundary based upon title, acquisitive prescription or possession, it erred in not applying the law of possessory actions. Based on our previous finding, that a boundary could be established based upon title, we find that this assignment of error is without merit.
In their last assignment of error, the Holleys posit that in the event the trial *239 court correctly fixed the boundary, it erred in granting a servitude of passage that excludes the right to park on the shared driveway. The Holleys contend that since their property is used for commercial purposes, being able to access the property and conveniently park are reasonable uses by the dominant estate.
Garner, however, argues that to allow the Holleys' customers to park alongside his home would expand the servitude of passage into a "servitude of parking." To support his contention, Garner cites Irland v. Barron, 230 So.2d 880 (La.App. 2d Cir. 1970), in which this court found that a right of passage did not grant the greater right of parking. We agree with Garner's position.
A servitude of passage is for the benefit of a dominant estate whereby persons or vehicles are permitted to pass through a servient estate. La. C.C. art 705. (Emphasis added). This statute is unambiguous and we find no reason to expand it to allow vehicles to park on, and not just pass through, a servient estate.
Thus, we find that the Holleys' fourth assignment of error is also without merit.

Conclusion
For the reasons expressed herein, the judgment of the trial court is affirmed.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, DREW and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] At the trial court level, the boundary location between the back yards was also in dispute. The Holleys were found to have gained ownership of this disputed area through acquisitive prescription. Neither the Holleys nor Garner raised any issues on appeal with regards to the trial court's ruling on the back yard boundary location. Thus, we need not address this portion of the trial court's judgment.