989 So.2d 246 (2008)
Robert L. BRUNSON and Lydia Mae Brunson, Trustees of The Robert Lee Brunson Revocable Living Trust, et al, Plaintiffs-Appellees.
v.
J.A. HEMLER, et al., Defendants-Appellants.
No. 43,347-CA.
Court of Appeal of Louisiana, Second Circuit.
August 13, 2008.
*248 Frank B. Hayne, III, for Appellants.
Hallack Law Firm by William H. Hallack, Jr., for Appellees.
Before STEWART, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
Plaintiffs, Robert Lee Brunson, Lydia Mae Brunson and Barbara G. Cannon,[1] filed a Petition for Declaratory Judgment seeking to be declared the owners of certain disputed property. Defendants, C. Peck Hayne, Frank B. Hayne, III, Emily Hayne Walker Mehaffie, William B. Rudolf as Trustee of the Mary Hayne Bailey Rudolf Trust, the Administrators of the Tulane Educational Fund and the Rectors and Visitor of University of Virginia,[2] disputed Plaintiffs' claim. After a bench trial, the trial court rendered a Declaratory Judgment in favor of Plaintiffs. Defendants appeal from this adverse judgment. For the reasons set forth below, we affirm the decision of the trial court.

FACTS
The disputed property is approximately 60 acres located in Section 19, Township 15 North, Range 6 East, in Richland Parish. This property is made up of three tracts, approximately 20 acres each (hereinafter referred to as Tracts 1-3), located in the extreme northeast corner of Section 19. Also relevant to the proceedings is a fourth tract of approximately 20 acres, (herein referred to as Tract 4), located just east of the contested Tracts 1-3. Together, the four tracts make up the north half of the northeast quarter of Section 19. While only Tracts 1-3 are at issue in this case, the entire 80-acre tract is the subject of much of the testimony.
According to the many witnesses of Plaintiffs, Jule Gilley, Sr., Myrtle Shipley Gilley and their children moved to a location *249 near the 80-acre tract in 1936, and, shortly thereafter, began using the entire 80-acre tract for farming activities. They had five children, namely, Lydia Mae Gilley Brunson, Barbara Gilley Cannon, Louise Gilley Twiner, Charles T. Gilley and Jule Gilley, Jr. Mrs. Brunson married Robert Lee Brunson, and together with Mrs. Cannon are Plaintiffs in this action. Mrs. Brunson inherited Tract 3 from her parents and later purchased Tract 1 from a sister. Mrs. Cannon inherited Tract 2 and Tract 4 was inherited by Charles T. Gilley and is not at issue in this appeal.
Plaintiffs' witnesses testified that, since approximately 1938, Mr. Gilley had used the property to plant cotton, corn and milo and, also, to raise cattle. They also testified that Mr. Gilley, in 1938, fenced the disputed property on the south, north and east sides and that a fence has long existed on the west side. While one witness testified that Mr. Gilley erected the fence in 1948, instead of 1938, the testimony was consistent that the fence has been in place for more than 30 years. The Plaintiffs' witnesses also testified that the disputed land had been possessed by Mr. Gilley, his heirs or lessees of either from 1938 until the current litigation.
Plaintiffs sought a declaratory judgment seeking to be recognized as the owners of the disputed property under doctrine of acquisitive prescription. Defendants, as the record title owners of the disputed property, filed a reconventional demand with their answer seeking to be recognized as the owners of the northern half of the northeast quarter of Section 19. Defendants claimed ownership of the approximately 80 acres described above and asserted that they had interrupted the possession of Plaintiffs in excess of one year. The possessor of the additional 20 acres, described above as Tract 4, was not made party to the suit.
After a bench trial, the trial court ruled in favor of Plaintiffs. In his oral reasons for judgment, the trial judge found that Jule and Myrtle Gilley, Sr., their successors, including Plaintiffs, and their lessees had possessed the disputed property as owners for over 30 years. The trial court further found that Mr. and Mrs. Gilley, therefore, had obtained ownership of the disputed tract by acquisitive prescription. Accordingly, the trial court's judgment declared Mr. and Mrs. Brunson to be the owners of Tracts 1 and 3 and Mrs. Cannon to be the owner of Tract 2. The trial court dismissed Defendants' reconventional demand with prejudice. Defendants appeal.

DISCUSSION
Ownership of immovable property may be acquired by the prescription of 30 years without the need of just title or possession in good faith. La. C.C. art. 3486. Ownership of immovable property under record title may be eclipsed and superseded by ownership acquired under prescriptive title. Brown v. Wood, 451 So.2d 569 (La.App. 2nd Cir.1984), writ denied, 452 So.2d 1176 (La.1984). A possessor lacking good faith and/or just title may acquire prescriptive title to land by corporeally possessing a tract for 30 years with the intent to possess as owner. La. C.C. arts. 3424, 3486. Such possession confers prescriptive title upon the possessor only when it is continuous, uninterrupted, peaceable, public and unequivocal and confers title only to such immovable property as is actually corporeally possessed. See La. C.C. arts. 3424, 3426, 3476, 3486, 3487 and 3488.
For purposes of acquisitive prescription without title, possession extends only to that property which has been actually possessed. La. C.C. art. 3487. Actual possession must be either inch-by-inch possession or possession within enclosures. *250 According to well-settled Louisiana jurisprudence, an enclosure is any natural or artificial boundary. La. C.C. art. 3426, comment (d), Revision Comments-1982, citing A.N. Yiannopoulos, Property §§ 212-214, in 2 Louisiana Civil Law Treatise (2d ed.1980). The party who does not hold title to the disputed tract has the burden of proving actual possession within enclosures sufficient to establish the limits of possession with certainty, by either natural or artificial marks, giving notice to the world of the extent of possession exercised. Conway v. Crowell Land & Mineral Corp., 93-1158 (La.App. 3rd Cir.4/6/94), 635 So.2d 544, writ denied, 94-1198 (La.7/1/94), 639 So.2d 1166; Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952).
One is presumed to intend to possess as owner unless he began to possess in the name of and for another. La. C.C. art. 3427. The intent to possess as owner may be inferred from all of the surrounding facts and circumstances. Livingston v. Unopened Succession of Dixon, 589 So.2d 598 (La.App. 2nd Cir.1991). Openly maintaining property to which one does not have record title by raising crops or using the property for pasturage is evidence of intent to possess as owner. Id.
Possession can be transferred by universal title or by particular title. La. C.C. art. 3441. When possession is so transferred, the possession of the transferor is tacked to that of the transferee if there has been no interruption of possession. La. C.C. art. 3442. Under these provisions, privity of contract or estate is an essential prerequisite to tacking of possession. Brown v. Wood, supra.
Whether or not disputed property has been possessed for 30 years without interruption is a factual issue and will not be disturbed on appeal absent a showing of abuse of discretion or manifest error. Greengrove Missionary Baptist Church v. Cox, 42,418 (La.App. 2d Cir.9/19/07), 966 So.2d 707, writ denied, 07-2064 (La.12/14/07), 970 So.2d 537; Bowman v. Blankenship, 34,558 (La.App. 2d Cir.4/4/01), 785 So.2d 134, writ denied, 01-1354 (La.6/22/01), 794 So.2d 794. Where findings are based on determinations regarding the credibility of witnesses, the findings of the trier of fact demand great deference and are virtually never manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Thus, in the case sub judice, Plaintiffs would have acquired the disputed property through acquisitive prescription if they established that they and/or their ancestors in title had possessed the disputed property within bounds for 30 years. As mentioned above, the trial court determined that Plaintiffs had done so and we cannot say that its conclusion was manifestly erroneous.
All three Plaintiffs testified at trial that they were raised in the area. Mrs. Cannon and Mrs. Brunson grew up in the Gilley home near the disputed property and recalled from their early memories that the disputed property was used by their father, Mr. Jules Gilley, Sr., for crops and farming and that he fenced it. Mrs. Cannon testified that her father fenced it in 1938, Mrs. Brunson testified, however, that the property was fenced in 1948. They also testified that the property was used by Mr. Gilley, from approximately the time he moved with his family near the disputed property in 1936, and had been continuously used by him, or his lessees, and then by Plaintiffs and their lessees, until the current lawsuit.
Plaintiff Robert Brunson testified that he assisted Mr. Gilley in constructing a fence around the property in 1938. He also testified that the entire disputed area *251 was used for pasture, except for about ten acres in the eastern tract which was used for crops, and that, over time, Mr. Gilley continued to clear the wooded areas. Plaintiffs' other witnesses confirmed that, at the time of suit, the disputed property remained under fence and continued to be farmed and maintained under Mr. Gilley's control, and then later, Plaintiffs' control.
In contrast, Defendants offered the testimony of Defendant Hayne who testified that he went hunting on the property while he was growing up and that 1965 was the last time he was on the property. He testified that he never came across any fences on the property or saw any people farming the disputed property. Furthermore, he testified that, at that time, the property was wooded and he had leased the disputed property to a third party for hunting purposes in the 1980s and renewed the lease in 1995 and again in 2005.
From our review of the record, we cannot find that the trial court was manifestly erroneous or clearly wrong in finding that Plaintiffs and their ancestors in title possessed the property for over 30 years and that the possession was continuous, uninterrupted, peaceable, public and unequivocal. The trial court, therefore, was within its great discretion in accepting the testimony presented by Plaintiffs to the effect that the fence enclosed the disputed property and that the said fence had existed for more than 30 years, regardless of the testimony of Defendant Hayne to the contrary. We, therefore, affirm the decision of the trial court.
Specifically, Defendants argue that some kind of direct or dual notice is required for prescription to begin. They cite in support Humble v. Dewey, 215 So.2d 378 (La.App. 3d Cir.1968) and Harper v. Willis, 383 So.2d 1299 (La.App. 3d Cir. 1980), writ denied, 390 So.2d 202 (La. 1980). Both cases, however, address the issue of whether the possessor intended to possess as owners instead of merely at the pleasure of the title holder. In both cases, the courts found that the possessor did not intend to possess as owner. In the case sub judice, the testimony yields no indication that Plaintiffs and their ancestors in title occupied and used the disputed property in any capacity other than as owners. The presumption under La. C.C. art. 3427 that a possessor intended to possess as owner is not rebutted under the record in this case.
The mere fact that a non-owner has physical possession of the land provides sufficient notice to the record owner and the public at large that a non-owner intends to possess the property for himself as owner. Chevron U.S.A., Inc. v. Landry, 558 So.2d 242 (La.1990). The nature of the possession must be such that it gives the owner of the property notice that his property is in jeopardy and cannot be covert. Armstrong v. Armstrong, 493 So.2d 253 (La.App. 3d Cir.1986), writ denied, 496 So.2d 353 (La.1986). The intent to possess as owner cannot be covert and must be express. Id. The record shows that Plaintiffs and their ancestors in title openly fenced and possessed the property. We find, therefore, no merit in Defendants' argument that they lacked notice of the possession.
Defendants' remaining assignments of error are without merit.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court declaring Plaintiffs, Robert Lee Brunson and Lydia Mae Brunson to be owners of Tracts 1 and 3, and Barbara G. Cannon to be owner of Tract 2. Costs of appeal are assessed to Defendants, C. Peck Hayne, Frank B. Hayne, III, Emily Hayne Walker Mehaffie, *252 William B. Rudolf as Trustee of the Mary Hayne Bailey Rudolf Trust, the Administrators of the Tulane Educational Fund and the Rectors and Visitor of University of Virginia.
AFFIRMED.
NOTES
[1] The suit was filed originally by Mr. and Mrs. Brunson as Trustees of The Robert Lee Brunson and Lydia Mae Brunson Revocable Living Trust, along with Mrs. Cannon. That trust has since been revoked and Mr. and Mrs. Brunson, individually, were substituted as parties plaintiff.
[2] Defendants J.A. Hemler and George E. Williams were absentee defendants. Plaintiffs sought a declaration of ownership of a different section of land than the property at issue herein against any interests of Mr. Hemler and Mr. Williams and their respective heirs or legatees. The claims against those Defendants were heard in a separate hearing as an uncontested matter before a different trial court. The resulting judgment was in favor of Plaintiffs and no appeal has been taken from that judgment.