Judgment rendered September 21, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,519-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| HUEY P. ROBINSON AND RUTHIE M. ROBINSON | Plaintiffs |

versus

| | |
|---|---|
| FAITH LAND COMPANY, LLC | Defendant-Appellee |

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 153,535

Honorable Robert Lane Pittard, Judge

* * * * *

| | |
|---|---|
| RUTHIE M. ROBINSON | In Proper Person, Appellant |
| HUEY P. ROBINSON | In Proper Person, Appellee |
| SINCLAIR LAW FIRM, LLC By: Scott C. Sinclair | Counsel for Appellee, Faith Land Company, LLC |

* * * * *

Before STEPHENS, ROBINSON, and HUNTER, JJ.

**ROBINSON, J.**

Huey P. Robinson ("Huey") and Ruthie M. Robinson ("Ruthie") (collectively, the "Robinsons"), brother and sister, filed both a possessory and petitory action by "Petition for Possession," claiming to be owners by virtue of adverse possession of a portion of land, the title owner being Faith Land Company, LLC ("Faith Land"). The possessory action was dismissed by consent judgment on exceptions, and the petitory action continued. A bench trial was held on the merits and the trial court, finding that the Robinsons failed to bear their burden of proving the extent of the alleged possession, denied their claim to the disputed tract. Judgment was rendered June 11, 2021, and filed June 15, 2021.

A devolutive appeal was taken by Ruthie and was granted by order dated July 12, 2021. Huey signed the pro se appeal brief filed by Ruthie, but did not formally take an appeal. By order dated January 13, 2022, this Court remanded the matter to the trial court to amend the judgment in accordance with La. C.C.P. art. 1918. The amended judgment was rendered and filed on January 31, 2022.

For the following reasons, we affirm the trial court's ruling.

## FACTS AND PROCEDURAL HISTORY

Faith Land acquired two tracts of land located in Sections 25 and 36 of Township 20 North, Range 12 West, Bossier Parish, Louisiana, by Special Warranty Deed dated October 29, 2014, wherein the disputed tract is located. Shortly thereafter, the company communicated to the Robinsons that they may temporarily maintain their standing hay on the disputed tract but that it should not be replaced. Faith Land also instructed the Robinsons

to remove their fence blocking access to Faith Land's property from the parish road. Due to the inaction of the Robinsons following the conversation, in November 2015, Faith Land removed portions of the fence blocking its access to the parish road. The Robinsons reported the alleged disturbance to the Bossier Parish Sheriff's Office and later instituted this action on July 18, 2017.

The Robinsons filed a possessory action and a petitory action, claiming to be in possession and the owners of a portion of Faith Land's property. Pursuant to a consent judgment on exceptions, the possessory action was dismissed and the Robinsons continued with their petitory action, claiming to be the owners of the disputed tract based on 30-years' acquisitive prescription.

Following a bench trial on the merits, the trial court issued a written opinion finding that the Robinsons failed to bear their burden of proving the extent of their alleged possession and a judgment was entered in accordance with the opinion. Ruthie filed a pro se appeal, which was granted by order dated July 12, 2021. This Court remanded the matter to the trial court to amend the judgment and a final, amended judgment was ultimately entered on January 31, 2022, which denied the Robinsons' claim of ownership to the disputed tract in their Petition for Possession.

## DISCUSSION

Ruthie generally claims that the trial court erred in entering its judgment dismissing the Robinsons' claims of ownership of the subject property by adverse possession and requests that the property be surveyed and formally titled in their names. Faith Land argues that the trial court

2

rightfully denied the Robinsons' ownership claim because they were unable to particularly identify the property they claimed via possession; in other words, the Robinsons failed to identify the extent of their possession.

In the absence of title, one has possession only of the area he actually possesses. La. C.C. art. 3426. Actual possession must be either inch-by-inch possession or possession within enclosures. *Franks Inv. Co., L.L.C. v. Shaw,* 52,636 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1210, *writ denied,* 19-00737 (La. 9/6/19), 278 So. 3d 370; *Brunson v. Hemler,* 43,347 (La. App. 2 Cir. 8/13/08), 989 So. 2d 246, *writ denied,* 08-2297 (La. 12/12/08), 996 So. 2d 1119, *citing* A.N. Yiannopoulos, Property §§ 212-14, in 2 La. Civ. Law Treatise (2d ed. 1980). According to well-settled Louisiana jurisprudence, an enclosure is any natural or artificial boundary. *Id.* It is not necessary for a person who takes possession of a tract of land to build a fence around it in order to fix the boundaries of what he intends to possess if the limits of his possession are marked by natural boundaries and if he actually possesses or uses all of the land within the boundaries.

The Louisiana Supreme Court in *Hill v. Richey*, 221 La. 402, 59 So. 2d 434 (1952), found that the plaintiff met his burden of proof of possession as to the disputed property by showing that "the fences, remains of old fences, blazes and hacks on the trees evidently made by a surveyor, and the 'No Trespassing' signs were sufficient under the facts of this case to establish with certainty and to give definite notice to the public and all the world of the character and extent of his possession, to identify fully the property possessed, and to fix with certainty the boundaries or limits thereof, especially when we consider the type of land between the lines and the

3

nature of the property." However, the Court distinguished its holding from that in *Labarre v. Rateau*, 210 La. 34, 26 So. 2d 279 (1946), in which "the plaintiffs, on whom the burden rested, failed to prove the existence of boundaries to the property, either natural or artificial. True, their principal witness, a man of 66 years who had lived in the vicinity all of his life, testified that at one time there were certain fences and tree markings on the land in various places (most have since been destroyed). But he also said that the average person could not locate the lines, and that he could establish them only by the use of a compass."

We find the facts in this case to be comparable to those in *Labarre*. The Robinsons testified that the subject property was fenced and had "No Trespassing" signs, at least during some point of their possession for the requisite 30 years. However, there was conflicting testimony as to whether the fences and signs were on the property at any point during Faith Land's ownership in order to prove the existence of the boundaries, as well as to the general shape and dimensions of the property. No additional evidence was offered by the Robinsons to support their testimony that there was a fence on the property or that any other boundary otherwise existed, such as pictures of or specific testimony regarding the fence or other characteristics of the property, unlike in *Hill* where the Court found the plaintiff fully identified the property such that boundaries could be fixed with certainty. *Hill*, *supra*.

Whether or not disputed property has been possessed for 30 years without interruption is a factual issue and will not be disturbed on appeal absent a showing of abuse of discretion or manifest error. *Franks*, *supra*. To reverse a factfinder's determination under the manifest error standard, an

4

appellant court must engage in a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact, and (2) the court must further determine that the record establishes a finding that is clearly wrong. *Id*. Further, with regard to findings of fact based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact's findings. *Id*.

The trial court found that the Robinsons failed to meet their burden of proving the extent of their possession of the disputed tract. There was merely inconsistent, conflicting testimony with insufficient supporting evidence regarding the location of the property and its boundaries. Further, the trial court alluded to issues with the Robinsons' credibility. We find that there was no abuse of discretion or manifest error by the trial court.

## CONCLUSION

For the foregoing reasons, this Court AFFIRMS the trial court's judgment. Court costs related to appeal are to be taxed proportionately between the parties.

**AFFIRMED.**